KANNE, Circuit Judge,
dissenting from the denial of rehearing en banc.
I concur with all aspects of the panel’s opinion issued today — except for the proposed mechanism to remedy the unconstitutionally imposed sentences. I believe that the sentences must be vacated and remanded to the district courts for resen-tencing in light of Booker.
In Booker, the Supreme Court stated that enhancements resulting from judge-found (rather than jury-found or admitted) facts violate the Sixth Amendment. 125 S.Ct. at 755-56. Importantly, Booker’s companion petitioner, Fanfan, had received a sentence that did not violate the Sixth Amendment but was nonetheless deemed unconstitutional because it was imposed under a mandatory Guidelines regime. Id. at 768. Any sentence handed down under a mandatory guideline regime is unconstitutional. The solution selected by the panel (a limited remand, simply asking the district judge whether there was a “miscarriage of justice”) does not fully rectify this problem.
In the post -Booker world, sentencing judges have discretion to weigh a multi *488 tude of factors that were not ordinarily relevant or appropriate to consider under the previous regime. See, e.g., U.S.S.G. § 5H1 (specific offender characteristics including age, family ties and responsibilities, and employment record). These are the very factors that might convince a judge to resentence. The panel’s limited remand leaves open the possibility that these factors might come to light in a hearing conducted by the district court, but there is no guarantee that such a hearing will be held — and if we retain jurisdiction as the panel would have it, it is unclear that a district judge could even compel such a hearing.
Certainly, we can anticipate that some district judges will opt not to have a hearing and simply choose not to resentence, at which point we may be required to review the standing sentence for reasonableness. But surely reasonableness depends not only on the length of the sentence but on the process by which it is imposed. The record in the case in which there was no resentencing (or hearing on the issue) will be impossible for us to review for reasonableness, if reasonableness is to be determined with regard to all of the “the numerous factors that guide sentencing.” See Booker, 125 S.Ct. at 765-66. We know now that the universe of factors that guides sentencing is larger than it was pre-Booker, and defendants should have the opportunity to argue these factors in a full resentencing hearing and have them reflected in the record. It is the only way to know whether a different sentence would have been imposed under advisory guidelines. To deny defendants this opportunity is a “miscarriage of justice” and thus is necessarily plain error.
Therefore, the necessary approach is to vacate all the sentences so that new ones are imposed in accord with Booker — constitutionally, under an advisory Guideline system — that would allow the judge to exercise discretion in sentencing. This is the approach that has been adopted by the Fourth, Sixth, and Ninth Circuits. United States v. Hughes, 396 F.3d 374 (4th Cir.2005); United States v. Ameline, No. 02-30326, 400 F.3d 646, 2005 WL 350811 (9th Cir. Feb. 10, 2005); United States v. Milan, 398 F.3d 445 (6th Cir.2005). I read the panel’s approach as an ad hoc procedure through which the district court can elect not to exercise its sentencing discretion as Booker requires. It is hard to see how, without a hearing and briefing tantamount to resentencing by normal vacatur and remand procedures, a district court could ever give “an appropriate explanation” for its decision not to resentence. If a district judge chooses not to resentence (especially without a hearing), that judge is effectively letting stand a sentence imposed under an unconstitutional regime.